NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 15 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AARON ALAN FALLS,

      Plaintiff - Appellant,

  v.

ALYSSA VERNAL; ANTHONY PEREZ;
et al.,

      Defendants - Appellees.

No. 23-1467

D.C. No.
5:19-cv-02311-JWH-ADS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
John W. Holcomb, District Judge, Presiding

Submitted April 15, 2026[**]

Before: O'SCANNLAIN, SILVERMAN, and N.R. SMITH, Circuit Judges.

California state prisoner Aaron Alan Falls appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action arising from alleged

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

injuries that Falls sustained while being transported on a jail bus as well as delays in his subsequent medical care. We affirm.

I.

Falls alleged that Anthony Perez drove the prison bus recklessly and that Alyssa Vernal interfered with Falls's medical care causing delays. The district court properly granted summary judgment on these Eighth Amendment claims because Falls' grievances did not give the prison adequate notice of the allegations; therefore, the claims were not exhausted. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (explaining that exhaustion is mandatory and must be done in a timely manner consistent with prison policies); *Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010) (explaining that the prisoner must file a grievance that "puts the prison on adequate notice of the problem for which the prisoner seeks redress").

II.

Falls also alleged that Anthony Perez transported him in an unsafe seating manner because he was seated in prison restraints without a seatbelt. Summary judgment was proper on this Eighth Amendment claim because Perez is entitled to qualified immunity. *See Sampson v. County of Los Angeles*, 974 F.3d 1012, 1018 (9th Cir. 2020) ("[Q]ualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established

statutory or constitutional rights of which a reasonable person would have known." (citations and internal quotation marks omitted)).

**AFFIRMED.**

.